# EXHIBIT 1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| SPINELL HOMES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED SPECIALTY INSURANCE ) <br> COMPANY, BENCHMARK ) <br> INSURANCE COMPANY and TOTEM ) <br> AGENGIES, INC. ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> _____) | Case No.: 3AN-21-04904 Civil |

## FIRST AMENDED COMPLAINT

Plaintiff, Spinell Homes, Inc., by and through its attorneys, alleges the following complaint against United Specialty Insurance Company, Benchmark Insurance Company Inc., and Totem Agencies, Inc.

## PARTIES

1. Plaintiff Spinell Homes, Inc. ("Spinell") is a corporation organized and existing under the laws of the State of Alaska, with its principal office and place of business located in Anchorage, Alaska.

2. Totem Agencies, Inc. ("Totem") is an insurance agency based in Kirkland, Washington and registered to do business in Alaska.

ASHBURN & MASON p.c.
LAWYERS
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Tel 907.276.4331 • Fax 907.277.8235

Page 1 of 10

3. United Specialty Insurance Company ("USIC") is an insurance company based in Texas, and licensed to do business in the State of Alaska.

4. Benchmark Insurance Company ("Benchmark") is an insurance company based in Minnesota, and licensed to do business in the State of Alaska.

## JURISDICTION AND VENUE

3. The Superior Court has jurisdiction over the Defendant because the amount of Spinell's claim for damages exceeds $100,000.00, and the parties engaged in commercial activity regarding these claims in Alaska.

4. Venue in this matter is in the Third Judicial District at Anchorage.

## GENERAL ALLEGATIONS

5. Spinell is a developer and custom homebuilder in Anchorage and the Mat-Su Valley.

6. On June 9, 2017, Spinell and Levi and Blair Robinson (the "Robinsons") entered into a purchase and sale agreement for Spinell to construct a new home for the Robinsons in Anchorage (the "Home").

7. On December 31, 2017, United Specialty Insurance Company issued Spinell Commercial General Liability (CGL) Policy No. ATN-SF17141380 (the "USIC Policy"), attached as **Exhibit 1.**

8. The USIC Policy was effective from December 31, 2017 through December 31, 2018. *See* Exhibit 1 at 1.

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.,* Case No. _____

Page 2 of 10

Case 3:21-cv-00092-JWS   Document 1-1   Filed 04/14/21   Page 3 of 14

9. The USIC Policy covered up to $1,000,000 per occurrence for property damage caused by an occurrence that takes places in the coverage territory and that occurs during the policy period. Exhibit 1 at 3, 19.

10. On or about June 2018 and November 2018, the fireplace, chimney, and chimney cap were installed in the Home.

11. On or about the fall of 2018, Spinell began working with its insurance broker, Totem Agencies, Inc. ("Totem") to procure a new CGL policy for the coming year.

12. On or about November 9, 2018, Totem requested Spinell provide "the list of open projects that need to be scheduled on the policy like last year." Spinell provided Totem the list of open and pending projects, which included the Home. See **Exhibit 8.**

13. On or about November 28, 2018, the Robinsons conducted a walk-through of the home with Spinell and signed a Declaration of Acceptance and punch list, attached as **Exhibit 2**. The Declaration identified the "chimney shroud" as one of the outstanding items in need of further repair/construction within a reasonable time.

14. On or about December 4, 2018, the Robinsons and Spinell signed a revised Declaration of Acceptance citing the Robinsons' attached email, provided hereto as **Exhibit 3.**

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.*, Case No. _____

Page 3 of 10

Case 3:21-cv-00092-JWS Document 1-1 Filed 04/14/21 Page 4 of 14

15. The City of Anchorage then issued a Conditional Certificate of Occupancy, attached as **Exhibit 4** and on or about December 6, 2018, the Robinsons moved into the Home.

16. On information and belief, the Robinson had several fires in the fireplace between December 6, 2018 and December 31, 2018.

17. Totem procured CGL policy No. BIC509175 through Benchmark, effective December 31, 2018 through December 31, 2019 (the "Benchmark Policy"), attached as **Exhibit 5.**

18. The Benchmark Policy provided $1,000,000 in coverage per occurrence for property damage caused by an occurrence that takes place in the coverage territory and takes place during the policy period. Exhibit 5 at 1, 18.

19. Exclusion W of the Benchmark Policy excluded coverage for property damage arising from or related to Spinell's work if the "work was performed on or in connection with any real property improvement or project of construction, including all associated common areas, before the inception date of this policy, or (ii) your product was manufactured or sold before the inception date of this policy, or, if this policy is a renewal of a policy issued by us, the inception date of the first policy of continuous coverage issued by us." Exhibit 5 at 25.

20. However, Exclusion W of the Benchmark Policy would not apply if the project of construction or product was specifically endorsed on this policy and a premium was charged therefor.

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.*, Case No. _____

Page 4 of 10

Case 3:21-cv-00092-JWS Document 1-1 Filed 04/14/21 Page 5 of 14

21. On information and belief, Totem failed to supply Benchmark with a list of past or pending projects and/or failed to identify the Home as a pending project to Benchmark for endorsement on the Benchmark Policy and calculation of an additional premium.

22. Nonetheless, Totem informed Spinell that it could not anticipate any gaps in coverage between the USIC Policy and the Benchmark Policy.

23. On January 4, 2019, the Robinsons built a fire in the fireplace around 5:00 p.m. At approximately 6:37 p.m., one of the Robinson's children alerted the Robinsons that part of the roof near the exterior chimney was on fire.

24. The fire caused severe damage to the Home.

25. Subsequent investigation ascribed blame for the fire to the negligent fabrication and/or installation of the chimney, its components, and/or the wood-framed metal enclosure around the chimney.

26. Subsequent investigation into the cause of the Fire additionally revealed that the custom chimney had been fabricated and installed without a spark arrestor and without an UL listed chimney cap and /or chase top.

27. Following the Fire, the Robinsons submitted a claim to their insurer, Allstate Property Casualty Insurance Company ("Allstate"). Allstate made payments to the Robinsons for the damages under Allstate's Policy.

28. Allstate paid approximately $529,516.30 on the claim.

29. As a result of the Fire, the Robinsons also incurred damages not covered

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.,* Case No. _____
Page 5 of 10

Case 3:21-cv-00092-JWS   Document 1-1   Filed 04/14/21   Page 6 of 14

by their insurance policy in the amount of approximately $35,000.00.

30. On or about January 14, 2019, Allstate, as subrogee of the Robinsons, presented claims to Spinell for damages incurred as a result of the fire (the "Claims").

31. On or about January 15, 2019, Spinell notified USIC and Benchmark of the Claims, and notified the Defendants of their duty to defend, indemnify and hold Spinell harmless from and against any claims, suits, losses, or liabilities, including attorneys' fees and costs of litigation, for damage or destruction of property caused in whole or in part, by any act or omission of Spinell.

32. On February 1, 2019, USIC denied coverage of the Claims under the USIC Policy, attached at **Exhibit 6.**

33. On March 15, 2019 Benchmark denied coverage of the Claims under the Benchmark Policy, attached at **Exhibit 7.**

34. On September 2, 2020, Spinell provided USIC and Benchmark with a copy of Allstate's draft complaint against Spinell and informed USIC and Benchmark that it had scheduled a pre-suit mediation with Allstate on October 15, 2020.

35. Spinell requested that USIC and Benchmark attend and participate in the mediation on behalf of Spinell.

36. On or about October 5, 2020, Benchmark informed Spinell that it would attend the mediation, and acknowledged its duty to defend, but denied a duty to indemnify Spinell.

37. On or about October 7, 2020 USIC informed Spinell that it would attend

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.*, Case No. _____
Page 6 of 10

Case 3:21-cv-00092-JWS   Document 1-1   Filed 04/14/21   Page 7 of 14

the mediation in order to explain USIC's coverage position, but it would not defend, indemnify or financially contribute to a settlement.

38. On or about December 1, 2020, Spinell settled the Claims with the Robinsons and Allstate in the amount of $370,000, without contribution or coverage from USIC or Benchmark.

## COUNT I
## NEGLIGENCE (Totem)

39. The above paragraphs are incorporated as if fully alleged herein.

40. Totem owed Plaintiff a duty to exercise reasonable care, skill, and diligence in procuring insurance and / or in timely advising Plaintiff adequately of the existence, risks or costs of potential gaps in coverage.

41. Totem breached these duties.

42. Totem's breaches are the proximate cause of Spinell's harm.

43. Totem's breaches caused Spinell damagers in an amount of at over $100,000, in an amount to be proved at trial.

## COUNT II
## PROFESSIONAL MALPRACTICE (Totem)

44. The above paragraphs are incorporated as if fully alleged herein.

45. As an insurance broker, Totem had the duty to use such skill, prudence, and diligence as other members of the brokerage industry would exercise under the circumstances.

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.*, Case No. _____
Page 7 of 10

Case 3:21-cv-00092-JWS Document 1-1 Filed 04/14/21 Page 8 of 14

46. Totem understood that it had a duty to obtain insurance coverage for Spinell and / or to adequately advise Spinell of the existence, risks or costs of potential gaps in coverage.

47. By failing to obtain adequate coverage and / or to anticipate or advise Spinell of potential gaps in coverage, Totem breached its professional duty of care.

48. There exists a proximate causal connection between Totem's negligent professional conduct and the resulting injury.

49. The Agency's breaches caused Spinell damages.

## COUNT III
## BREACH OF CONTRACT (USIC)

50. The above paragraphs are incorporated as if fully alleged herein.

51. Plaintiff was the insured and intended beneficiary of the USIC Policy from December 31, 2017 to December 31, 2018.

52. The occurrence that caused the Fire was, on information and belief, the negligent fabrication and installation of the chimney, its components, and/or the wood-framed metal enclosure around the chimney.

53. On information and belief, the property damage first occurred when the chimney, its components, and/or the wood-framed metal enclosure around the chimney were installed, and continued occurring during the initial fires that the Robinson had in the fireplace between December 6, 2018 and December 31, 2018.

54. Spinell's claim fell within the coverage period under the USIC Policy. and by denying Spinell's claim, USIC breached the applicable policy.

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.*, Case No. _____
Page 8 of 10

Case 3:21-cv-00092-JWS   Document 1-1   Filed 04/14/21   Page 9 of 14

55. As a result of USIC's breach, Spinell has sustained damages.

## COUNT IV
## BREACH OF CONTRACT (Benchmark)

56. The above paragraphs are incorporated as if fully alleged herein.

57. Spinell was the insured and intended beneficiary of the USIC Policy from December 31, 2018 to December 31, 2019.

58. The occurrence that caused the Fire was, on information and belief, the negligent fabrication and installation of the chimney, its components, and/or the wood-framed metal enclosure around the chimney.

59. On information and belief, the property damage occurred when the Fire caused damage to the Robinson's roof and exterior chimney on January 4, 2019.

60. Spinell's work on the project was not complete as of January 4, 2019.

61. Spinell's claim was within the coverage territory under the Benchmark Policy, and by denying Spinell's claim, Benchmark breached the terms of the applicable policy.

62. As a result of Benchmark's breach, Spinell has sustained damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court for relief as follows against Defendants:

1. That Plaintiff be awarded its damages, including compensatory, consequential and incidental damages, as may be proven at trial;

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.,* Case No. _____
Page 9 of 10

Case 3:21-cv-00092-JWS   Document 1-1   Filed 04/14/21   Page 10 of 14

2. That Plaintiff be awarded the costs of this action, including its reasonable attorney's fees and costs;

3. That Plaintiff be awarded pre-judgment and post-judgment interest as allowed by law; and

4. That Plaintiff recover such other relief as this Court deems just and equitable.

ASHBURN & MASON, P.C.
Attorneys for Spinell Homes, Inc.

DATED: 3/15/21      By:   s/Laura C. Dulic
                          Laura C. Dulic
                          Alaska Bar No. 1305013

COMPLAINT
*Spinell Homes vs. United Specialty Insurance Company, et. al.*, Case No. _____
Page 10 of 10

Case 3:21-cv-00092-JWS   Document 1-1   Filed 04/14/21   Page 11 of 14

STATE OF ALASKA
DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT
DIVISION OF INSURANCE
JUNEAU, ALASKA

CERTIFICATE OF SERVICE

I, LORI WING-HEIER, Director of Insurance, certify that I have been served with the attached document(s): SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT, FIRST AMENDED COMPLAINT, AND DISK WITH PERTAINING EXHIBITS IN THE SUPERIOR COURT FOR THE STATE OF ALASKA THIRD JUDICIAL DISTRICT AT ANCHORAGE.

SPINELL HOMES, INC.,

VS.

UNITED SPECIALTY INSURANCE COMPANY, BENCHMARK INSURANCE COMPANY AND TOTEM AGENCIES, INC.,

CASE NO. 3AN-21-04904 CI,

and that I have accepted, on your behalf, the above service, as received through the U.S. Mail in Juneau, Alaska, on the 19TH DAY OF MARCH 2021.

In accordance with the provisions of AS 21.09.180-190, one copy of the document together with my certification is forwarded to you:

BENCHMARK INSURANCE COMPANY,

at your address on file in this office, via certified mail, return receipt requested.

Do not file your answer or response with this office. Direct your questions or response to the court, attorney, or party whose name and address appear on the document served.

Lori Wing-Heier
Director

Service of Process Section
Division of Insurance
P.O. Box 110805
Juneau, AK 99811-0805
Alexandra Bethel
Phone (907) 465-2597



IN TESTIMONY WHEREOF
I have hereunto set my
hand and affixed my official seal,
at Juneau, Alaska this
19TH DAY OF MARCH 2020.

State of Alaska
Department of Commerce, Community,
And Economic Development
Division of Insurance
P.O. Box 110805
Juneau, AK 99811-0805

CERTIFIED MAIL

7019 2970 0001 5423 6769



Corporation Service Company
9360 Glacier Highway, Suite 202
Juneau, AK 99801

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Spinell Homes, Inc.

Plaintiff(s),

vs.

United Specialty Insurance Company,
Benchmark Insurance Company and
Totem Agencies, Inc.

Defendant(s).

CASE NO. 3AN-21-04904CI

AMENDED- **SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Benchmark Insurance Company

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Laura C. Dulic-Ashburn & Mason, P.C._____, whose address is: 1227 W. 9th Avenue, Suite 200, Anchorage, Alaska 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(I).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge Walker and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____

3-18-21
Date

CLERK OF COURT

By: _____
Deputy Clerk

I certify that on 3-18-21 a copy of this summons was ☒ mailed ☐ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Case 3:21-cv-00092-JWS   Document 1-1   Filed 04/14/21   Page 14 of 14